FILED
 2013 Oct-04  PM 03:06
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES H. SMITH,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | )   CIVIL ACTION NO. |
| | ) |
| **CAVALRY SPV I, LLC,** | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and out of state law violations.

3. The civil liability portion of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person..." 15 U.S.C. § 1692k(a).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, James H. Smith, is a natural person who resides in Jefferson County, Alabama, and is a "person" who has standing to bring this action under 15 U.S.C. § 1692k.

6. Defendant, Cavalry SPV I, LLC (hereinafter referred to as "Cavalry") is a foreign debt collection agency that engages in the business of debt collection in this judicial district of Alabama. It is incorporated in Delaware with its principal place of business located in New York. It is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### *Factual Allegations*

7. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. The alleged debt at issue is related to a credit account with HSBC Bank (hereinafter referred to as "HSBC").

9. HSBC assigned and /or transferred the debt to Defendant for collections.

10. In the year of 2010, Plaintiff hired a debt settlement company, namely, Century Negotiation, Inc. (hereinafter referred to as "Century") to help him resolve some outstanding credit accounts.

11. Plaintiff owed HSBC money on two (2) credit accounts.

12. Sometime in 2010, Century negotiated with Defendant to resolve the two (2) credit accounts owed to HSBC.

13. By 2011, Century had paid Defendant completely the agreed amount to settle these two (2) credit accounts in full.

### *The Small Claims Complaint*

14. On July 9, 2013, Defendant sued Plaintiff in the Small Claims Court of Jefferson County, Alabama, Bessemer Division with case number of SM-2013-900473.

15. The suit was filed by collections attorney, James A. Nadler.

16. In this suit, Defendant asserted Plaintiff owed it $2,289.35 plus court cost of $138.00.

17. The original complaint states that Defendant is the assignee of HSBC.

### *Plaintiff Answers the Cavalry Lawsuit*

18. Plaintiff does not owe the debt.

19. On July 22, 2013, Plaintiff filed a pro se Answer denying the allegations of Defendant and further stated that the debt was settled.

20. The state court set this matter for a trial on September 5, 2013.

21. The Plaintiff felt he needed representation because he knew he did not owe this debt.

22. Plaintiff expended time and expense in hiring counsel to represent him in this matter.

23. It was not until August 30, 2013, that Defendant filed a motion to dismiss this action against Plaintiff.

*Remaining Factual Allegations Against Defendant*

24. Defendant admits that it is a debt collector with respect to its conduct towards the Plaintiff.

25. Defendant has attempted to collect against Plaintiff when Plaintiff did not owe any money to Defendant on this account.

26. Defendant has misrepresented the debt to Plaintiff.

27. Defendant has threatened to take action it knows is illegal for Defendant to take.

28. Plaintiff is a "consumer" as defined by the FDCPA.

29. Defendant knows its conduct is wrong.

30. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' employment, agency or representation.

31. All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were

taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were reckless disregard of the FDCPA and/or state law.

32. Defendant is liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violation of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

33. The law suit against Plaintiff was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(5), 1692f, and 1692f(1), amongst others.

## SUMMARY

34. All of the above-described collection actions made to Plaintiff by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions, amongst others.

35. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone which has resulted in actual damages to the Plaintiff.

36. The above-detailed conduct by Defendant reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff, and with full knowledge thereof, Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions, and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

37. Defendant's illegal abusive collection suit as more fully described above were the direct and proximate cause of the Plaintiff's actual damages.

38. Plaintiff has suffered actual damages as a result of this illegal collection suit by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified invasions of personal privacy. Plaintiff has had to take time off work to deal with this matter.

39. The only way that abusive debt collectors like Defendant will stop their abusive practices toward consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a significant punitive damage award.

40. A significant punitive damage award will get the attention of Defendant and other abusive collectors who attempt to gain an unfair competitive advantage over honorable, law abiding debt collectors, so that they will realize it no longer makes economic sense to abuse consumers.

41. A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

42. All of the above-described collection actions made by the collection employees of Defendant were made in violation of provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION
## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15

U.S.C. § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

46. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II. INVASION OF PRIVACY

47. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

48. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

49. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings: **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

50. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt

collectors (albeit without a private right of action), when it stated as part of its purposes: It is the policy of Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

51. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

52. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

53. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

54. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

55. The conduct of Defendant went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

56. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

57. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

### COUNT III. NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

58. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

59. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

60. Had Defendant hired competent debt collectors, the violations described in this Complaint would not have occurred.

61. Had Defendant properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred. The Defendant carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

62. Defendants knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendant.

### COUNT IV. NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

63. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

64. Defendant owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

65. Defendant owes a duty to consumers against whom it is collecting to act reasonably.

66. All of the actions described in this Complaint demonstrate that the Defendant did not act reasonably towards the Plaintiff.

67. The Defendant, by its described conduct, breached its duty to act reasonably towards Plaintiff.

68. Defendant proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendant anticipated causing when it breached its duty to act reasonably.

69. Defendant knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

70. Defendant acted with full knowledge and with the design and intent to cause harm to Plaintiff.

71. Defendant was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendant when dealing with consumers who do not pay debts that Defendant alleges are owed.

72. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

73. Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and/or negligently.

74. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

75. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

76. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

77. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II. INVASION OF PRIVACY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III. NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV. NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

                                                  Respectfully submitted,

Dated:                              /s/ S. Scott Allums

October 4th, 2013            S. Scott Allums (ASB-5967-n62a)
                                            S. SCOTT ALLUMS, PC
                                            506 North 18th Street
                                            Bessemer, Alabama 35020
                                            Telephone: (205) 426-7080
                                            Facsimile: (888) 341-6040
                                            scott@allumslaw.com
                                            **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA )
)
COUNTY OF JEFFERSON )

Plaintiff, JAMES H. SMITH, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
JAMES H. SMITH

Subscribed and sworn to before me
this  01  day of  October , 2013.

_____
Notary Public

MY COMMISSION EXPIRES DECEMBER 4, 2016